2011V00552
PWG/gfr

PAUL J. FISHMAN
United States Attorney
PETER W. GAETA
Assistant United States Attorney
970 Broad Street, Room 700
Newark, New Jersey 07102
(973) 645-2927

ELECTRONICALLY FILED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

: Hon. Claire C. Cecchi, U.S.D.J.

Plaintiff,

: Civil Action No. 11-2850

-v-
$264,620.00 IN UNITED STATES CURRENCY

: DEFAULT JUDGMENT AND
FINAL ORDER OF FORFEITURE
:

Defendant *in rem*.

**WHEREAS**, on May 18, 2011, a Verified Complaint for Forfeiture *In rem* was filed in the United States District Court for the District of New Jersey against a total of $264,620.00 in United States currency (hereinafter "defendant property") to enforce the provisions of 18 U.S.C. § 981 *et seq.*, which provides for the forfeiture of any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957, or any property traceable to such property, and 21 U.S.C. § 881(a)(6), which subjects to forfeiture to the United States all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance, or is proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*; and

**WHEREAS,** pursuant to the Warrant for Arrest *In Rem* issued by the Clerk of the Court on May 20, 2011, the United States Marshals Service seized the defendant property, namely $264,620.00 in United States currency; and

**WHEREAS,** on or about May 25, 2011, copies of the Verified Complaint for Forfeiture *In Rem*, Warrant for Arrest *In Rem*, and a Notice of Forfeiture were sent certified mail, return receipt requested to Terence A. Redmond, Esq., Law Office of Terence A. Redmond, 473 Jackson Street, San Francisco, California 94111, attorney for Roberto Ahmed Perez (*See* Declaration of Peter W. Gaeta with Exhibits, Exhibit A, hereinafter "Gaeta Decl." filed herein); and

**WHEREAS,** on or about May 27, 2011, copies of the Verified Complaint for Forfeiture *In Rem*, Warrant for Arrest *In Rem*, and a Notice of Forfeiture were received at the office of Terence A. Redmond, Esq., Law Office of Terence A. Redmond, 473 Jackson Street, San Francisco, California 94111, attorney for Roberto Ahmed Perez (*Id.*); and

**WHEREAS,** pursuant to Rule G(4)(a)(iv)(C), a Notice of Civil Forfeiture was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on May 26, 2011, further notifying all of their right to file a conforming claim with the Court within sixty (60) days for a hearing to adjudicate the validity of their alleged legal interest in the property (Gaeta Decl., Exhibit B); and

**WHEREAS,** in order to avoid forfeiture of the defendant property, any person claiming an interest in, or right against, the defendant property must file a conforming Claim under penalty of perjury identifying the specific property claimed, identifying the claimant and stating the claimant's specific interest in the property in the manner set forth in Rule G(5)(a) of the

2

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure and 18 U.S.C. § 983(a)(4)(A), except that in no event may such Claim be filed later than **June 29, 2011,** or, as applicable, no later than 35 days after the date notice of the complaint is sent, or, as applicable, no later than 30 days after the date of final publication of the notice of the filing of the complaint on the official internet government forfeiture website, namely http://www.forfeiture.gov; and

**WHEREAS,** on August 8, 2011, the Clerk of the Court entered default against potential claimant Roberto Ahmed Perez who had received direct notice of this action, and did not file a claim within the time required by Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions for those who receive direct notice. *See* Clerk's Entry of Default, dated August 8, 2011; *See also* ECF Docs. 6, 6-1; and

**WHEREAS,** no conforming claim has been filed within the time permitted by Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, Federal Rules of Civil Procedure and 18 U.S.C. § 983(a)(4)(A) by any potential claimant in this matter; and

**NOW THEREFORE, IT IS HEREBY, ORDERED, ADJUDGED AND DECREED:**

1. That a Default Judgment and a Final Order of Forfeiture is granted against the defendant property, namely $264,620.00 in United States currency, and no right, title or interest in the defendant property shall exist in any other party; and

2. That any and all forfeited funds, including but not limited to currency, currency equivalents and certificates of deposits, as well as any income derived as a result of the United States Marshals Service's management of any property forfeited herein, after the payment of

costs and expenses incurred in connection with the forfeiture and disposition of the forfeited property, shall be deposited forthwith by the United States Marshals Service into the Department of Justice Asset Forfeiture Fund, in accordance with the law.

The Clerk is hereby directed to send copies to all counsel of record.

**ORDERED** this 6 day of December, 2011

_____
HONORABLE CLAIRE C. CECCHI, U.S.D.J.
UNITED STATES DISTRICT COURT